FILED
2026 Jun-12  AM 07:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXIS SMITH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| PATEL INNOVATIONS 103, | ) | **1:25-cv-02072-CLM** |
| LLC, PATEL INNOVATIONS | ) | |
| 101, LLC, PATEL | ) | |
| INNOVATIONS 102, LLC, and | ) | **JURY DEMAND** |
| PATEL INNOVATIONS 104, | ) | |
| LLC, d/b/a SUBWAY | ) | |
| | ) | |
| **Defendants.** | ) | |

**AMENDED COMPLAINT**

## I.    INTRODUCTION

1.    This is an action for legal and equitable relief to redress sex discrimination, harassment, sexually hostile work environment, and retaliation against Plaintiff Alexis Smith. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination, harassment, and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory damages and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a. This suit also asserts state law claims of invasion of privacy,

negligent/wanton supervision, negligent/wanton training, and negligent/wanton retention.

## II.    JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202. Jurisdiction over Plaintiff's claims under Alabama law exist pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

3.      A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendants within St. Clair County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III.   PARTIES

5.      Plaintiff, Alexis Smith, is a female citizen of the United States, and a resident of the State of Alabama. Smith was an employee of Defendants at all times relevant to this litigation.

6.      Defendant, Patel Innovations 103, LLC, is an employer doing business in this district and division at its Ashville, Alabama location, and at all times relevant to this action, the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Patel Innovations 103, LLC, a Subway restaurant, is owned and operated by Mit Patel.

2

7.     Defendant, Patel Innovations 101, LLC, is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Patel Innovations 101, LLC, a Subway restaurant, is owned and operated by Mit Patel.

8.     Defendant, Patel Innovations 102, LLC, is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Patel Innovations 102, LLC, a Subway restaurant, is owned and operated by Mit Patel.

9.     Defendant, Patel Innovations 104, LLC, is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Patel Innovations 104, LLC, a Subway restaurant, is owned and operated by Mit Patel.

## IV.    **ADMINISTRATIVE EXHAUSTION**

10.    The Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

11.    On or about September 27, 2024, Plaintiff filed an EEOC charge alleging sex discrimination/harassment and retaliation.

12.    Plaintiff subsequently received a Right-To-Sue Notice from the EEOC. The Right to Sue Notice was electronically mailed to Plaintiff and received on September 11, 2025.

## IV.   <u>STATEMENT OF FACTS</u>

13.   Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 12 above with the same force and effect as if fully set out in specific detail herein below.

14.   Defendants are Subway restaurants and are all owned and operated by Mit Patel.

15.   Defendants are an integrated enterprise and/or joint employers.

16.   Plaintiff was subjected to harassment based on sex.

17.   The harassment which Plaintiff was subjected included, but was not limited to, sexual harassing comments, sexual harassing behavior and propositions, and sexually inappropriate touching.

18.   The harassment which Plaintiff was subjected was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

19.   Plaintiff objected to the sexual harassment; however, prompt and effective remedial action was not taken.

20.   Because of the complaints and the open and obvious nature of the harassing behavior, Defendants had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

21.    Plaintiff began working for Defendants, Patel Innovations 103, LLC, in May or June of 2022, as a sandwich artist. Plaintiff was 16-years-old at the time of her hire.

22.    In June 2023, Plaintiff was promoted to General Manager of the Ashville, Alabama store. Plaintiff was seventeen (17) years old.

23.    District Manager Megan Ridgeway was Plaintiff's immediate supervisor.

24.    Throughout her employment, Plaintiff and other female employees were sexually harassment by a supervisor, Natasha Ford.

25.    The harassment continued throughout Plaintiff's employment.

26.    Plaintiff was 16-18 years old during the harassment period.

27.    Plaintiff objected to the harassment, however, it continued.

28.    Plaintiff reported the sexual harassment by supervisor Natasha Ford to District Manager Megan Ridgeway and General Manager Brooke Ingram on multiple occasions.

29.    The harassment which Plaintiff was subjected included, but was not limited to, sexual propositions, requests for sexual favors, sexual comments about body including about her breasts and butt, inappropriate touching, and repeated questions about Plaintiff's sex life and comments about Ford's sex life; the harassing conduct by Ford occurred constantly.

30.    Ford also engaged in sexually inappropriate propositions, behavior, and comments toward other female employees.

31.    A juvenile employee, O.E., who was age 15 or 16 at the time of incident, reported to Plaintiff that supervisor Natasha Ford pushed her up against the dumpster behind the restaurant and started kissing her.

32.    This behavior was unwelcomed by O.E. Plaintiff reported the incident to District Manager Megan Ridgeway.

33.    On or around June 25, 2024, a juvenile employee, B.B., informed Plaintiff that Supervisor Ford had shown her [B.B.] explicit sexual images and videos.

34.    Ford told B.B., "You need to watch what these girls do to themselves (masturbation) before you do anything with a guy."

35.    Ford went on to tell B.B., "You should get shaved as nicely as these girls are….guys will like that."

36.    The conduct by Ford was unwelcomed and offensive to the juvenile.

37.    Plaintiff attempted to report this to District Manager Megan Ridgeway, however, Ridgeway refused Plaintiff's calls and would not meet.

38.    Plaintiff advised B.B. that she was going to contact law enforcement about the sexual harassment.

39.    Plaintiff reported Ford's sexual harassment toward herself and the juvenile employees to the police.

40.    On June 26, 2024, Plaintiff was terminated by General Manager Brooke Ingram. Brooke was the G.M. over a different store, not Ashville.

41.    Management participated in, witnessed, and were aware of the harassing behavior by Supervisor Ford.

42.    No corrective action was taken and the conduct continued.

43.    The harassing conduct was open and obvious.

44.    Defendants do not have a viable policy prohibiting sexual harassment.

45.    Defendants do not provide training to its employees related to sexual harassment.

46.    The conduct was severe and pervasive and affected Plaintiff's work conditions.

47.    Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of the harassment and Defendants' conduct.

48.    Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT ONE: CLAIMS OF SEXUAL HARASSMENT
## PURSUANT TO TITLE VII

49.     Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 48 above with the same force and effect as if fully set out in specific detail herein below.

50.     Plaintiff was subjected to sexual harassment and a sexually hostile work environment.

51.     The harassment and which Plaintiff was subjected and aware included, but was not limited to, sexual harassing comments, sexual harassing behavior and propositions, and sexually inappropriate touching, as set forth above.

52.     The harassment which Plaintiff was subjected to was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

53.     Plaintiff objected to the sexual harassment; however, prompt and effective remedial action was not taken.

54.     Because of the complaints and the open and obvious nature of the harassing behavior, Defendants had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

55.     Plaintiff has suffered emotional distress, embarrassment and humiliation as a result of the harassment and Defendants' conduct.

56.     Defendants' actions were willful, with malice and with reckless disregard for Plaintiffs' rights.

## COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO TITLE VII

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1-56, above with the same force and effect as if fully set out in specific detail hereinbelow.

58.     Plaintiff engaged in protected activity.

59.     Plaintiff complained to supervisors and management about the sexual harassment which she and others were subjected.

60.     As a result of her protected activity and complaints, Plaintiff was terminated.

61.     Defendants' actions are casually related to Plaintiff's protected activity.

62.     Defendants do not have a non-retaliatory reason for its actions.

63.     Defendants' conduct was pretext for retaliation.

64.     Plaintiff was treated differently than similarly situated individuals who did not complain of harassment.

65.     Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

66.     Defendants engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## **COUNT THREE: STATE LAW CLAIM OF INVASION OF PRIVACY**

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1-66 above with the same force and effect as is fully set out in specific detail herein below.

68.     This claim arises under the law of the State of Alabama to redress the invasion of privacy by a supervisor and ratification of such by Defendants.

69.     Defendants invaded the privacy of Plaintiff, by, among other things, sexually harassing Plaintiff, which included but was not limited to, sexually inappropriate comments, propositions, and touching, as set forth above.

70.     Defendants' conduct intentionally intruded upon the solitude or seclusion or private affairs or concerns of Plaintiff.

71.     Defendants' conduct was highly offensive and caused mental suffering, shame, and humiliation.

72.     Defendants, by their actions, ratified the conduct of its employee.

73.     The offensive and intrusive conduct was unwelcomed, based on sex, severe and pervasive, and effected the terms and conditions of Plaintiffs' employment.

74.     Defendants were aware of the conduct but failed to take prompt, effective remedial action to cure or prevent the conduct and the harassing behavior continued.

75.     Because of such conduct, Plaintiff suffered severe emotional distress, along with actual damages.

76. Defendants' conduct was willful and they acted with malice and/or reckless indifference toward Plaintiffs.

## COUNT FOUR: STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON SUPERVISION

77. Plaintiff re-alleges and incorporates by reference paragraphs 1-76 above with the same force and effect as is fully set out in specific detail herein below.

78. This claim arises under the law of the State of Alabama to redress Defendants' negligent and/or wanton supervision of employees, supervisors and management.

79. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

80. Defendants were negligent and/or wanton in its supervision of its employees, supervisors, and management.

81. Defendants had actual knowledge of the conduct of their employees, supervisors, and management knew, or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

82. By their actions, Defendants ratified and/or condoned the illegal conduct of its employees, supervisors and management towards Plaintiff and others.

11

83. Defendants negligently and/or wantonly failed to supervise its workforce in order to prevent and stop the outrageous conduct.

84. Defendants' failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

85. Defendants acted with malice and/or reckless indifference and their conduct was wanton and/or grossly negligent.

### COUNT FIVE: STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON TRAINING

86. Plaintiff re-alleges and incorporates by reference paragraphs 1-85 above with the same force and effect as is fully set out in specific detail herein below.

87. This claim is to redress Defendants' negligent and/or wanton training of employees, supervisors, and management.

88. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

89. Defendants have a duty to properly train their employees, supervisors, and management, including training related to the prohibition of illegal and improper conduct.

90. Defendants were negligent and/or wanton in their training of employees, supervisors, and management.

91. By their actions, Defendants ratified and/or condoned the illegal conduct of their employees and management towards the Plaintiff. Defendants negligently and/or wantonly failed to train its workforce in order to prevent and stop the outrageous conduct.

92. Defendants' failure caused Plaintiffs to suffer severe emotional distress, embarrassment, and humiliation.

93. Defendants acted with malice and/or reckless indifference and their conduct was wanton and/or grossly negligent.

## COUNT SIX: STATE LAW CLAIM OF
## NEGLIGENT AND/OR WANTON RETENTION

94. Plaintiff re-alleges and incorporates by reference paragraphs 1-93 above with the same force and effect as is fully set out in specific detail herein below.

95. This claim arises under the law of the State of Alabama to redress Defendants' negligent and/or wanton retention of employees, supervisors, and management.

96. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

97. Defendants were negligent and/or wanton in their retention of employees, supervisors, and management who engaged in unlawful behavior.

98.    Defendants had actual knowledge of the conduct of employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation. By their actions, Defendants ratified and/or condoned the illegal conduct of their employees, supervisors and management towards Plaintiff.

99.    Defendants negligently and/or wantonly retained employees who engaged in harassing conduct.

100.    By their actions/inaction, Defendants allowed the outrageous conduct to continue and result in further harassment towards Plaintiff and others.

101.    Defendants' failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

102.    Defendants acted with malice and/or reckless indifference and their conduct was wanton and/or grossly negligent.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant Plaintiff a declaratory judgment holding that actions of Defendants described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and laws of the State of Alabama.

2.    Grant Plaintiff a permanent injunction enjoining Defendants, Defendants' agents, successors, employees, attorneys and those action in concert with Defendant and on Defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and the laws of the State of Alabama.

3.    Grant the Plaintiff an Order requiring Defendants to make Plaintiff whole by awarding reinstatement, back pay, interest, compensatory damages, punitive damages, and/or nominal damages.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Wiggins, Childs, Pantazis,
   Fisher & Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

## CERTIFICATE OF SERVICE

I, hereby certify that on June 12, 2026, the undersigned electronically filed the above pleading via the CM/ECF E-Filing system, which serves all counsel of record to the following:

M. Jansen Voss
S. Catie Almond
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203

/s/ Rocco Calamusa, Jr.
OF COUNSEL

**Plaintiff will serve additional Defendants the following: Summons, Amended Complaint.**

**Defendants' Addresses:**

Patel Innovations 101, LLC
c/o Mit Patel, Reg. Agent
1251 Brocks Trace
Birmingham, AL 35244

Patel Innovations 102, LLC
c/o Mit Patel, Reg. Agent
1251 Brocks Trace
Birmingham, AL 35244

Patel Innovations 104, LLC
c/o Mit Patel, Reg. Agent
1251 Brocks Trace
Birmingham, AL 35244

/s/ Rocco Calamusa, Jr.
OF COUNSEL

16